[S. F. No. 2297.   Department One.—December 31, 1902.]

## W. E. MINAKER et al., Respondents, v. CALIFORNIA CANNERIES COMPANY, Limited, Appellant.

SALE OF FRUIT—CUSTOM PART OF CONTRACT—NON-PAYMENT OF PRICE—
RESCISSION OF CONTRACT—ACTION FOR PRICE OF FRUIT DELIVERED.—
Where a given quantity of fruit was sold at a certain price per ton
during a specified season, and a custom known to both parties was
made part of the contract, under which cash payments were to be
made for fruit delivered, twice per month on steamer days, and the
purchaser showed a clear intention to violate the custom and to with-
hold payments due until the completion of the entire contract, the
vendor was justified in rescinding the contract for such breach, and
is entitled to recover in an action for the unpaid price of the fruit
delivered.

ID.—CROSS-COMPLAINT—DAMAGES FOR NON-DELIVERY—BREACH OF CON-
TRACT.—In such action the defendant is not entitled to recoup, under
his cross-complaint, any damages for the further non-delivery of
fruit after breach of the contract on his part. He could not recover
such damages without showing full performance on his part.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco and from an order deny-
ing a new trial. William R. Daingerfield, Judge.

The facts are stated in the opinion.

Platt & Bayne, for Appellant.

W. H. Mahony, for Respondents.

GRAY, C.—This action was brought to recover $646.90, for
fruit sold and delivered by plaintiffs to defendant.

The defendant, in a cross-complaint, set up a claim for
damages in the sum of $1,735.64 on account of plaintiffs'
failure to deliver fruit in accordance with their contract.
The plaintiffs had judgment for the amount claimed by them,
and the defendant appeals from said judgment and from an
order denying a new trial.

From the arguments contained in appellant's brief, we
infer that it intends to attack the judgment of the court on
the ground that the same is not supported by the findings.

By a written contract, the plaintiffs agreed to sell, and the defendant agreed to buy, one hundred and fifty tons of Bartlett pears from Alameda County during the season of 1898, the same to be delivered at San Francisco, at the rate of $22.50 per ton. Nothing was stipulated as to the date or dates of delivery further than above set forth, and nothing was mentioned in the contract as to the date or dates of payment. It was proved upon the trial that during the year 1898 there was a custom among dealers in fruits, regulating the time when payments were to be made by buyers, in the absence of any express provision on that subject in their contract. This custom was to pay on the 15th and 30th of each month, unless these dates came on Saturday, and then to pay on the following Monday. Further, by said custom, it was understood between the buyer and seller that the fruit was to be delivered in such quantities as the same might become marketable by maturity, and be paid for on delivery, and that by the general custom payment on delivery meant payment twice a month on steamer days, the 15th and 30th of each month. The finding of the court was in accordance with this evidence, and the court further found:—

"That said general custom was well known to each of the contracting parties in this suit, and it was the intention of said parties in executing said contract of May 18, 1898, that said custom should be, and said custom did, form an element of, and was a portion of, said contract."

It appears that the season of pear harvest and of their coming into market for the year 1898 extended from July 10th to September 25th. Between the 1st and 16th of August plaintiffs delivered to defendant 82½ tons of pears. Defendant made cash payments on August 8th, 15th, and 19th, and on August 23d there was yet unpaid, on account of the pears delivered prior to August 16th, the sum of $646.90, being the amount sued for. On said August 23d defendant wrote a letter to plaintiffs in which it was stated that defendant had "deposited with the Anglo-Californian Bank a certified check for the balance due as per your statement. This certified check is subject to your order on completion of the contract, and as to future delivery of pears, we are willing to pay you spot cash for them, as fast as delivered and before taken away from the docks. If you will call on Mr. Cooper,

accountant at the Anglo Bank, he will notify you that certified check for $646.90, in payment of statement dated Aug. 22, '98, is there, subject to your order, to be paid to you when we notify him that the contract is complete." Soon after the receipt of this letter, and on August 25, 1898, the plaintiffs, through their attorney, wrote a letter to defendant as follows:—

"Gentlemen: In reply to your several letters to Messrs. Minaker & Welbanks in reference to your contract with them of May 18, 1898, which have been handed to me to be answered, I will say, that under the terms employed in that contract, the payment for these goods was to be cash; that you have failed to keep your portion of the contract, and have repeatedly defaulted in the making of payments promised by you. You now notify them by letter of your intention to withhold the payment of the $646.90 balance now due them until the completion of the contract, or, in other words, the end of the season. By reason of these facts, Messrs. Minaker & Welbanks feel justified in and now do rescind this contract and decline to make any further deliveries thereunder.

"Respectfully yours.                    W. H. MAHONY,
        "Attorney for Minaker & Welbanks."

No fruit was thereafter delivered under the contract and no further payments were made, and on September 30, 1898, plaintiffs began this suit. It is apparent from the foregoing statement that the letter of August 23, 1898, showed a clear intention on the part of defendant to violate the custom which was found to be a part of the contract, by failing and refusing to make payments when they fell due under that custom. That this custom was a part of the contract seems to be conceded, for appellants make no attack upon the finding to that effect. A compliance with the custom was, then, one of the conditions of the contract, a violation of which would authorize plaintiffs to treat the contract as broken and rescinded and refuse further to comply therewith, but to rescind and sue for whatever was already due for fruit delivered. It is clear that the evidence supports the findings, and that the findings in turn support the judgment rendered. Of course, defendant was not entitled to recover damages as for a breach of the contract on the part of plaintiffs without

CXXXVIII. Cal.—16

showing performance on its part of its own agreement. This it failed to do; but, on the contrary, it was the first party to disregard and violate the conditions of the contract. It was just as important that payments should be made as agreed upon as it was that deliveries should be made according to the contract, and when one of the parties flatly declared that it would not pay as agreed, the other party had the right to refuse to further deliver.

There is no finding and no proof that plaintiffs, at any time prior to defendant's letter of August 23d, failed or refused to deliver fruit as agreed, and there was evidence tending to show that they were in a position to deliver the entire amount of pears agreed upon before the end of the season, and fully intended to do so had not defendant refused to pay in accordance with the custom, which was a part of their contract.

The judgment and order should be affirmed.

Haynes, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Harrison, J., Van Dyke, J., Garoutte, J.