[Civ. No. 2577.   First Appellate District, Division One.—January 22, 1919.]

FRED JENSEN, Respondent, v. CHARLES E. GOSS et al., Appellants.

CONTRACTS—SALES OF GOODS—TIME.—In mercantile contracts such as for the manufacture and sale of goods and the like it is generally held that the parties have intended to make time the essence of the contract.

ID.—SELLER'S RIGHT TO RESCIND—WHEN RIGHT OF RESCISSION ACCRUED. Under a contract for the sale of hay by the terms of which the hay was to be paid for "on the 13th day of each month following deliveries," the sellers were justified in rescinding the contract when the buyer showed a clear intention to violate its provisions and to withhold payments due until the delivery of more hay.

ID.—DELAY IN STOPPING DELIVERIES—RIGHT TO RESCIND NOT WAIVED.—
The sellers' right to rescind in such case was not waived nor affected
by the fact that they did not stop deliveries of hay immediately
after the failure of the buyer to make the first payment required,
since they had a right to rely, for a reasonable time, at least, on the
buyer's promise to pay.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. Daniel C. Deasy, Judge.
Reversed.

The facts are stated in the opinion of the court.

Hankins & Hankins for Appellant.

Frank J. Hennessy for Respondent.

WASTE, P. J.—This is an appeal from a judgment for
$231, for damages found to have been suffered by plaintiff,
by reason of the failure of defendants to deliver to him hay
under a written contract, dated June 1, 1916, by the terms of
which the hay was to be paid for ''on the thirteenth day of
each month following delivery.'' The defense is that plaintiff
refused to pay for the hay as required by the contract, thereby
releasing defendants from further performance on their part.

The testimony of and in behalf of defendants is corroborated
by the evidence and admissions of plaintiff while on the stand,
and fails to support the findings of the trial court. Plaintiff
never met his obligations to pay as required. On the fifteenth
day of July, the first month following deliveries of hay, one
of the defendants personally called on him and demanded
payment of the ''money due, according to his contract.''
Plaintiff promised ''that in a matter of a few days he would
pay.'' He made no payment until the 28th of the month,
when he paid $275 on account.

Defendants continued to deliver hay as required by the
plaintiff and the latter continued his dilatory payments.
Statements of the account were regularly sent to him on the
13th of each month. Collectors of the defendants repeatedly
called on him. Members of the firm (defendants) as repeat-
edly conversed with him on the telephone, demanding pay-
ment. This condition of affairs continued until October 3d,
after which defendants delivered no more hay. At that time
plaintiff owed them $920, on account, of which he made three

payments of two hundred dollars each, the last on December 12th.

On December 14th one of the defendants personally called on plaintiff and demanded payment of $320.22, the balance due. Plaintiff, admitting that he "would pay him; that he had some money then," refused to pay until defendants delivered two more carloads of hay. There was some conversation relative to the quality of the hay delivered by the defendants, but refusal to pay the balance due was not predicated on that ground. Plaintiff told him that he considered the contract canceled. The same day defendants' attorneys made demand for "immediate payment of the" balance due and notified plaintiff that unless such payment was made upon receipt of the demand and notice, defendants would, by reason of the breach of the contract by plaintiff, in failing to make payments for said hay as provided therein, refuse to deliver any further amount of hay.

Plaintiff did not pay the balance until December 21st, at which time, through his attorneys, he requested the defendants to deliver two carloads of hay. No hay being delivered, the plaintiff four or five days later went to the barn of defendants and personally demanded delivery of the hay, and was informed by them that the contract was at an end. After giving further orders to defendants for delivery of hay, no one of which was filled, plaintiff commenced this action.

In view of the evidence in the case, we have looked to respondent to sustain the findings and judgment of the trial court by weight of authority. This he has not done. None of the cases cited by him, so far as we are able to find, relates to a mercantile contract such as the one here under consideration. They have to do with purchase of real estate on the installment plan, forfeitures, and equitable rights or leasehold interests. "In mercantile contracts, such as contracts for the manufacture and sale of goods and the like, it is generally held that the parties have intended to make time the essence of the contract." (13 C. J. 688, and cases cited.) The defendants were justified in rescinding the contract when plaintiff showed a clear intention to violate its provisions, and to withhold payments due, until the delivery of more hay. (*Minaker* v. *California Canneries Co.*, 138 Cal. 239, [71 Pac. 110].)

The rights of defendants to rescind were not waived, nor were they affected, by the fact that they did not stop delivery of hay immediately after failure of plaintiff to make his first payment as required. They had the right to rely, for a reasonable length of time, at least, upon the promise of plaintiff to pay. (*San Francisco Bridge Co.* v. *Dumbarton Land etc. Co.,* 119 Cal. 272, [51 Pac. 335].)

Had plaintiff rested his refusal to pay on the ground of a failure to deliver the quality of hay required by the contract such position would not aid him in this action. He could not offset any damages for such alleged breach on the part of defendants without showing performance on his own part of his own agreement. (*Minaker* v. *California Canneries Co., supra.*)

For the reasons above stated the judgment is reversed.

Richards, J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on February 20, 1919, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 20, 1919.

All the Justices concurred.