[Civ. No. 3467. Second Appellate District, Division One.—May 26, 1921.]

## DARRELL CONDLEY, etc., Respondent, v. CONSOLIDATED LUMBER COMPANY (a Corporation), Appellant.

[1] SALES—ACTION FOR BREACH OF CONTRACT — FINDINGS — INSUFFICIENCY OF EVIDENCE.—In this action by the buyer to recover damages for an alleged breach of contract for the sale of personal property, the evidence is insufficient to support the finding that plaintiff was ready, willing, and able to perform, and likewise insufficient to support the finding that there was a waiver of the defendant of plaintiff's covenant to make payments as provided in the contract.

[2] ID.—REMEDIES OF SELLER.—Where, under a contract of sale of personal property, the buyer not only makes default in his payments, but also upon demand therefor refuses to pay any part thereof, the seller is not bound to bring an action on the contract for the amount due, but may repudiate the contract and refuse to deliver the property.

[3] ID.—DEFAULT OF BUYER—TERMINATION OF CONTRACT BY SELLER—SILENCE OF CONTRACT AS TO TIME OF ESSENCE—EFFECT OF.—The right of a seller to repudiate a contract for the sale of goods upon the buyer's default is not prejudiced by the fact that the contract contains no clause stating that time is made the essence

thereof, since in such contracts it is generally held that the parties have intended time to be of the essence of the contract.

[4] ID.—MATERIAL FOR BRIDGE CONSTRUCTION—DELAY IN PROCEEDINGS —EFFECT OF.—A buyer of lumber and material for the construction of a bridge for a municipality under proceedings authorized by the Vrooman Act is not excused from making the agreed payments, and in default thereof is not given the right to insist that the seller carry the lumber for him for an indefinite time, because of delay in the proceedings by reason of which the buyer has no place to put it.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Wellborn, Judge. Reversed.

The facts are stated in the opinion of the court.

Turner & Grainger for Appellant.

G. C. De Garmo for Respondent.

SHAW, J.—Action to recover damages for the alleged breach of a contract by defendant. Judgment went for plaintiff, from which defendant appeals.

The material facts are that on May 12, 1919, plaintiff, by a written order addressed to defendant, directed it to deliver certain lumber and building material to a designated place for the purpose of constructing a bridge, and in said order agreed "to pay for said lumber and building material the sum of $1299.00 net as follows: ½ in 30 days from date—balance 30 Ds. thereafter," which order was duly accepted in writing by defendant. While the order was silent upon the subject, the parties stipulated that delivery of the material was to be made "when and as requested by plaintiff."

Plaintiff made default in the payment of the amount, which, under the order was due and payable thirty days from the date thereof, and about June 30, 1919 (prior to which time defendant had without success sought plaintiff's permission to deliver the material), and during negotiations between the parties for the purchase of another bill of lumber from defendant, which plaintiff declined to make at the price offered, the latter stated that he was going to hold defendant to the contract here involved. Thereupon the manager of defendant said: "I am ready to deliver

the Sherman Street job right now''; and stated, ''I am not going to hold on to that lumber unless you pay five per cent on it,'' which payment plaintiff refused to make because, as he said, ''I don't have to.'' Thereupon defendant's manager said: ''We will cancel the contract''; and further said that the company would not deliver the lumber in accordance therewith. And thus the matter stood until November 18, 1919, when plaintiff, through his attorney and without making payment of all or any part of the amount which he had agreed to pay within thirty and sixty days from the date of the order, demanded of defendant that it deliver the material in accordance therewith, and later, on December 1, 1919, he, subject to the condition that defendant should first deliver the material, offered to pay therefor. Defendant refused to make the delivery and thereupon plaintiff purchased like material elsewhere at a price of $771 in excess of that for which defendant had agreed to deliver the same.

[1] In our opinion, the facts thus stated are insufficient to support the finding made by the court that plaintiff, subsequent to May 12, 1919, was at all times ready, willing, and able to perform all the terms and conditions of the contract on his part and to accept and pay for said lumber; and likewise insufficient to support the finding that there was a waiver on the part of defendant of plaintiff's covenant to make payments as provided in the order. Indeed, there appears no evidence whatever tending to sustain this last finding. It clearly appears that defendant was at all times between May 12th and June 30th able, ready, willing, and anxious to deliver the lumber, which, however, plaintiff refused to accept. It also conclusively appears that plaintiff not only made default in the payment which he was required to make thirty days after May 12th, but when, on June 30th, demand was made upon him to pay a part of said sum, he refused to do so, notwithstanding which fact he insists that defendant should be compelled to hold the lumber upon an advancing market for a period of more than six months, and then, contrary to the terms of the contract, deliver it before receiving payment therefor. Assuming that plaintiff could thus delay delivery until such time, nevertheless the contract clearly obligated him to make the payments at the times stated therein. [2] When,

therefore, plaintiff not only suffered the default, but upon demand therefor refused to pay any part of the amount called for by the contract, defendant, while it might have brought an action on the contract for recovery of the sum due, was not bound to pursue such remedy, but with equal right might, as it did, repudiate the contract and refuse to deliver the lumber.

In *California Sugar etc. Agency* v. *Penoyar,* 167 Cal. 274, [139 Pac. 671], the court, quoting from *Los Angeles Gas & Electric Co.* v. *Amalgamated Oil Co.,* 156 Cal. 776, [106 Pac. 55], said: "A refusal without sufficient cause by the seller to furnish, or by the buyer to take or pay for, any installment, justifies the repudiation of the contract by the party not in default." Clearly, at the time these payments became due and payable under the terms of the contract defendant was not in default. The case of *Percival* v. *National Drama Corp.,* 181 Cal. 631, [185 Pac. 972], is authority for the proposition that, while the mere failure of a master to pay wages to a servant does not amount to a discharge, the servant may, at his option, quit the employment and sue for the amount unpaid. The principle announced is applicable to the facts involved in the instant case, and is authority for the proposition that when plaintiff made default in the payment of the installment due June 12th, defendant, at its option, could on account of such default declare the contract terminated. *Jensen* v. *Goss,* 39 Cal. App. 427, [179 Pac. 225], likewise sustains the proposition that where the buyer makes default in the payment of money agreed to be paid for the purchase of personal property, the seller is justified in repudiating the contract. To the same effect are *Demateis* v. *Vezu,* 49 Cal. App. 453, [193 Pac. 793], and *United Canneries Co.* v. *Seelye,* 48 Cal. App. 747, [192 Pac. 341].

[3] Defendant's rights were in nowise prejudiced by the fact that the contract contained no clause stating that time was made the essence thereof. "In mercantile contracts, such as contracts for the . . . sale of goods and the like, it is generally held that the parties have intended time to be of the essence of the contract." (13 Corpus Juris, 688; *Minaker* v. *California Canneries Co.,* 138 Cal. 239, [71 Pac. 110]; *Jensen* v. *Goss, supra.*)

[4] A large part of the record is devoted to what appears to be the fact that plaintiff desired the lumber and material for a bridge to be constructed for a municipality under proceedings authorized by the Vrooman Act, and conceding that delay in the procedure might have excused plaintiff from accepting the lumber, since, as he says, he had no place to put it, nevertheless we are unable to perceive how such fact could excuse him from making the payments which he agreed to make and, in default thereof, insist upon defendant carrying the lumber for an indefinite period upon an advancing market and assume the hazard of the continued default of plaintiff. The enforcement of such a rule would be grossly unjust and inequitable.

We hold there is no evidence in support of the finding that defendant waived plaintiff's covenant to make the payments as provided in the contract; that it clearly appears that plaintiff made default therein; that by reason of such fact, and in the absence of any sufficient excuse for such nonperformance of the obligation on his part, plaintiff is in no position to assert any right upon the contract in this action. Hence, we deem it unnecessary to enter upon a discussion of other alleged errors upon which defendant predicates its claim for a reversal.

The judgment is reversed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 25, 1921.

All the Justices concurred, except Wilbur, J., who was absent.