[Civ. No. 3740. Third Appellate District.—March 4, 1929.]

LOOP BUILDING COMPANY (a Corporation), Appellant, v. C. A. DeCOO, Respondent.

Ray Howard for Appellant.

R. L. Horton and John F. Poole for Respondent.

McDANIEL, J., *pro tem.*—This appeal presented by a bill of exceptions is from a judgment of nonsuit. The action is to recover the sum of $1,080 from defendant on an offer to purchase $5,000 worth of capital stock of the Interstate Lumber Company, a corporation. The case was tried upon the complaint, to which there were a number of exhibits attached as a part thereof and the answer purporting to deny all of the averments of the complaint, and setting up an affirmative defense by alleging that he has at all times been ready, able, and willing to perform the contract or agreement sued upon, but that plaintiff and its alleged assignors have not.

At the beginning of the taking of testimony, when defendant C. A. DeCoo was called under section 2055 of the Code of Civil Procedure, objection was interposed to the taking of any evidence against defendant on the ground that the complaint does not state a cause of action against said defendant. The objection was overruled. An offer to prove the corporate capacity of the plaintiff corporation was then made by counsel for the plaintiff by parol testimony. An objection thereto was made which seems not to have been ruled upon by the court because of the understanding that proof on the point would be offered at a later time. The plaintiff, however, offered no additional proof, preferring to rest upon the pleadings. In his points and authorities respondent contends that this failure of proof was fatal to plaintiff's case, but as the answer denies the due incorporation of the plaintiff upon the ground that he has no information or belief sufficient to enable him to answer, we must hold that, under the settled authorities of this state, plaintiff's corporate existence and capacity were sufficiently proved. In *Brinkley-Douglas Fruit Co.* v. *Silman,* 33 Cal. App. 643 [166 Pac. 371], the court reiterates the principle stated by the authorities as follows: "The rule is universal that matters of public record and within reach of defendant cannot be denied upon the ground that defendant had no information or belief concerning them." It was further held

therein that "the denial of the incorporation was, therefore, evasive and raised. no issue." That case also holds that corporate existence may be proved by parol. Appellant also cites *William Wilson Co.* v. *Trainor,* 27 Cal. App. 43, 45 [148 Pac. 954].

At the conclusion of plaintiff's case in chief the motion for a nonsuit was made, as appears from the following:

"Mr. Poole: If your Honor please, according to this decision I am going to cite, I think I will have to make a motion for a nonsuit. This action is for rescission, if your Honor please, and the code and the authorities, of which I have ample, say that you must offer to return what you have got, and put the party *in statu quo.* The Court: That is true if this is to be termed an action of rescission, of course. Mr. Poole: Surely. Well, they didn't do it. He never even made a rescission. If the plaintiff has an action anywhere, any time, any place, it is an action for breach of contract on the part of Mr. DeCoo for damages—not for a rescission. The Court: Well, it might be deemed to be an action for money had and received. Mr. Poole: But it is not an action for money had and received. It is an action for rescission, Your Honor—claimed to be a rescission. The Court: What a person calls his action does not necessarily make it so."

The court reserved its ruling on a motion for a nonsuit and directed the defendant to proceed with the defense and produce his testimony, which was done. It will be noted from the foregoing excerpt from the record that the only proposition pointed out as a basis for the motion was that there had been no offer on the part of defendant to make restitution by returning to plaintiff that which was received by the defendant to put the parties *in statu quo.* In explanation of the court's quoted statement that the action might be deemed an action for money had and received it should perhaps have been noted hereinbefore that plaintiff also asked in its complaint for a decree of declaratory relief under section 1060 of the Code of Civil Procedure. It was plaintiff's desire to have a declaration of its right to recover said sum of $1,080, because in a suit then pending on appeal, being entitled *"Interstate Lumber Company, a Corporation,* v. *Loop Building Company, a Corporation,"* the defendant therein (plaintiff here) had set up in his cross-

complaint an action for money had and received based upon the same transaction herein involved. The trial court on the trial of the said suit adjudged that the cross-complainant (plaintiff here) was not entitled to maintain in that suit a cross-complaint against the said cross-defendant (defendant here). The judgment as to that matter against cross-complainant was without prejudice. The appeal of said case has been heard and the judgment affirmed. (*Interstate Lumber Co.* v. *Loop Building Co., ante,* p. 64 [275 Pac. 262].) For reasons hereinafter to appear, we think that plaintiff's rights may be fully and finally determined on a retrial of the issues in this case and that a new trial herein should be granted. It, therefore, will be unnecessary to further notice the prayer of the complaint herein for a decree of declaratory relief. The effect of this judgment will be that he gets full opportunity to present his cause of action, if he have one, upon its merits.

As indicated, we believe that the action of the trial court in granting judgment of nonsuit must be reversed. After the submission of all the evidence in the case the court rendered the following judgment of nonsuit:

"This cause having come on regularly for trial on the 23rd day of June, 1926, Ray Howard, Esquire, appearing for plaintiff herein, and John F. Poole, Esquire, appearing for C. A. DeCoo, the defendant herein, and motion for a nonsuit being made upon the close of the taking of the evidence in the above entitled action, and the case having been duly submitted to the court, and the court finding that plaintiff's complaint herein does not state a cause of action against this defendant, and that no evidence was introduced sustaining the allegations of plaintiff's complaint herein;

"Now therefore, it is hereby ordered, adjudged and decreed that defendant's motion for a nonsuit be and the same is hereby granted and judgment of nonsuit entered.

"It is further ordered that defendant have judgment for his costs taxed in the sum of $9.00."

In the recent case of *Scott* v. *Sciaroni,* 66 Cal. App. 577, 581 [226 Pac. 827, 829], the rule pertaining to judgments of nonsuit is stated as follows:

"A court 'may grant a nonsuit only when, disregarding conflicting evidence and giving the plaintiff's evidence all

the value to which it is legally entitled, herein indulging in every legitimate inference which may be drawn from the evidence, the result is a determination that there is no evidence of sufficient substantiality to support a verdict in favor of plaintiff.' (*Estate of Caspar,* 172 Cal. 147, 150 [155 Pac. 631].)

"Respondent contends that the judgment of nonsuit was properly entered on the ground of insufficiency of the complaint in various particulars. There are two answers to this contention. First, the grounds now urged were not stated in the motion for a nonsuit and, second, insufficiency of the complaint is not a statutory ground for granting a nonsuit. (Code Civ. Proc., sec. 581, subd. 5; *Keefe* v. *Keefe,* 19 Cal. App. 310 [125 Pac. 929] ; *Pacific Paving Co.* v. *Vizelich,* 141 Cal. 4 [74 Pac. 352].)''

■ It is settled law in this state that a motion for nonsuit must point the attention of the court and counsel to the precise grounds upon which it was made. (*Matson* v. *Matson,* 181 Cal. 44 [183 Pac. 443] ; 9 Cal. Jur. 548, sec. 33, and notes.) ■ The one point emphasized by counsel for the respondent in support of his motion for nonsuit was that plaintiff herein at the time of his attempted recall of his offer and rescission of the contract on his part did not offer to restore that which he had received under the contract. There was no merit in that contention because the undisputed evidence from an examination of the record shows that the defendant never parted with anything and plaintiff had received nothing under the assumed contract of sale and purchase. It is true that, as secretary of the Interstate Lumber Company, after receipt by him of the $1,080, he had caused a certificate of stock to be issued to defendant's assignor, Roland E. Loop, in the amount of 100 shares of the par value of $1,000. But the evidence throughout for the plaintiff is undisputed that there has never been any acceptance of this certificate of stock by Mr. Loop or by the plaintiff corporation or anyone else in his behalf and no delivery thereof has ever been made; and therefore that having received nothing, it would be unnecessary for plaintiff to make any offer with respect to this stock over which it never had any control and which remained in the full possession and control of defendant. A fair examination of

all of the testimony on the part of plaintiff discloses that money was paid to defendant upon the terms stated in exhibit "C" as follows:

"December 22, 1921.

"Mr. C. A. DeCoo,

"467 Pacific Electric Building,

"Los Angeles.

"Dear Sir:

"Enclosed find check of Mr. Roland E. Loop for $1080, which together with a check for $4,058.33, to be handed you by Interstate Lumber Company, will make the total sum of $5,138.33. This amount represents the purchase price of five hundred (500) shares of your Interstate Lumber Company's stock, plus interest at 7% from the date when that Company took possession of the City Lumber Company's yard, which complies with your contract with Mr. J. H. Smith.

"This Interstate Company's check will represent the proceeds of the notes aggregating $5,000, (less $1,000, paid) given by (should be 'to') Messrs. Loop and Henry and myself.

"Please issue the five hundred (500) shares in the following manner: To Roland E. Loop, 200 shares, to Louis Henry, 100 shares, and to Ray Howard, 200 shares.

"As we have agreed, it will be necessary for the Interstate Lumber Company to make a loan at the California Bank for sufficient to enable it to pay this amount, and you and Mr. Smith are to arrange it and sign the necessary papers at the Bank. I am enclosing copy of a resolution with the signatures of Mr. Loop and myself, pursuant to the by-laws, and you and Messrs. Smith and Shannon should sign your names to the same in duplicate on the original which I have handed Mr. Smith.

"As soon as the Interstate Lumber Company is in a position to take up these notes, please notify me and I shall surrender the same to it immediately, as I have them in my possession with the necessary endorsement. We would prefer not to present them to the California Bank, where they are made payable for the reason that it might reflect upon the Company's credit at the Bank.

"We are sending you the $5,000, instead of the $3,000, which you desired the other day, and trust the arrangement is satisfactory.

"Yours very truly,

"RAY HOWARD."

This first letter was followed by a letter dated January 10, 1922, being exhibit "D." It is unnecessary to quote it, as it simply changes the original offer by directing that it be modified so that all of the $5,000 worth of Interstate Lumber stock be issued to Mr. Roland E. Loop, one of the assignors of the plaintiff corporation. There is testimony that while Mr. DeCoo in his answer through his testimony, in response to his examination, denied that he ever considered himself bound to sell any stock to plaintiff or its assignors under and in accordance with the terms of said two letters, denied that he had accepted those letters as binding in any way upon him. Nevertheless, it does appear that he did accept the offer for the reason that he received and retained the $1,080 payment and he sought to collect the balance of the $5,000 transaction from the Interstate Lumber Company as directed and expressed his willingness to accept the balance whenever it should be tendered. It also affirmatively appears from all of the testimony on behalf of plaintiff that the arrangement so agreed and acted upon, as stated by the said parties, was by mutual consent if not modified at least held in abeyance pending certain conferences to be thereafter held. Mr. Howard as a witness testified that at the last conference on February 24, 1924, Mr. DeCoo, the defendant, made the positive statement that he would not sell the $5,000 worth of stock unless the plaintiff's assignors took at least a block of $10,000 worth of his stock and unless all of his stock be purchased within ten days. He adds in this regard the following:

"At that time I told him that we were only able to take five thousand, and that that was all we were contracting for, and that we could not consider taking any $10,000 worth of his stock; and in view of his not agreeing with us on our policies, and not allowing us to sit as directors, that we would withdraw from the proposition; and accordingly, the next day, I wrote him, to confirm that, the letter marked Exhibit F here, dated February 25, 1922."

■ The court evidently regarded this as a very important point and stated, when Louis Henry, a witness on behalf of plaintiff, was on the stand, as follows:

"The Court: I think we might shorten this litigation materially, if counsel for the defendant is willing, by a stipulation that the testimony of these other gentlemen as to matters within their own knowledge will be the same as that of Mr. Howard, except as to the matter of this conversation. I say, now, that that appears to me to be the turning point of this litigation, in my present attitude. I am satisfied that if there were no such refusal, in my own mind, at this time, that there is no right of recovery in this action; but if there was an absolute refusal made, I am clearly satisfied that there is a right of recovery—irrespective of any other question involved. Cannot we rest this case right on that proposition?

"In other words, there is no purpose in taking time by other parties concerning any other features of this case, in view of my fixed opinion that the right of recovery, if any, hinges upon the fact that Mr. DeCoo at that time and place said he would not transfer these 500 shares of stock; because, in the absence of a showing of some character which would put him in default, there could be no right of recovery, I am sure; but if there was an expressed refusal upon his part to go ahead with the agreement, then any tender and demand, of course, becomes unnecessary."

■ We are convinced that the court's view so expressed was the correct view of the situation upon the facts then before the court. There was other evidence on the part of plaintiff which failed to corroborate Mr. Howard fully as as to the conversation and as to the declared intention to refuse to perform on the part of the defendant. There was also conflicting testimony on the part of the defendant Mr. DeCoo upon that, but these matters of contradiction we purposely are not considering under the rule that should govern the court in acting upon a motion for nonsuit. It has been held as follows: "It is clear that it makes no difference, where the motion for a nonsuit is made on the close of plaintiff's case, whether the court itself believes the testimony presented or not, for, as is obvious, the material facts which the evidence tends to prove must be assumed to be true for the purposes of the motion, just the same as the

material facts alleged in a pleading must be so treated in the consideration of a demurrer to such pleading." (*Bush v. Wood,* 8 Cal. App. 647 [97 Pac. 709].) ██ A nonsuit cannot properly be granted when the evidence on both sides is all in if there is a substantial conflict in the evidence upon the material issues. (9 Cal. Jur. 563, and notes.) ██ It is interesting to notice in this particular the averment of plaintiff's complaint, together with the denial in defendant's answer. The complaint, in paragraph IX, alleges: "And said defendant never notified said parties of his readiness to complete said sale, but on the contrary he then announced to all of said parties that he would not abide by said option agreement at all, unless the purchase of practically all of his said stock, or at least 1,000 shares thereof, on the terms provided in said option, should be financed or completed within ten days, and that said requirement was not provided for in said option agreement, nor otherwise agreed upon, nor reasonable; and defendant then further announced that he would not accept said remaining balance on said promissory notes as payment of the remaining purchase price on said block of 500 shares; and at all times thereafter defendant failed, neglected and refused to do anything further under said contract, except that he offered to sell to said Loop 100 shares of said stock for said $1080."

The answer to those averments from paragraph X of the answer is as follows: "Denies that this defendant never notified said parties of his readiness to complete said sale; denies that he then announced to all of said parties that he would not abide by said option agreement at all, unless the purchase of practically all of his said stock, or at least 1000 shares thereof, on the terms provided in said option, should be financed or completed within ten days; denies that said requirement was not provided for in said option agreement, nor otherwise agreed upon, nor reasonable; denies that defendant further announced that he would not accept said remaining balance on said promissory notes as payment of the remaining purchase price on said block of 500 shares; denies that at all times thereafter defendant failed, neglected or refused to do anything further under said contract, except that he offered to sell to said Loop 100 shares of said stock for said $1080."

That denial is in our opinion an excellent example of a negative pregnant which concedes the truth of the allegation. Under section 462 of the Code of Civil Procedure: "Every material allegation of the complaint not controverted by the answer, must, for the purposes of the action, be taken as true; . . . "

 A refusal or failure of a party fully to perform his part of the contract constitutes a partial failure of consideration which under section 1689 of the Civil Code gives the other party a right to rescind. (6 Cal. Jur. 392; *Woodward* v. *Glenwood Lumber Co.*, 171 Cal. 513 [153 Pac. 951]; *California Sugar etc. Agency* v. *Penoyar*, 167 Cal. 274 [139 Pac. 671].) Clear intention by one party to violate the provisions of a contract justifies a rescission. (*Minaker* v. *California Canneries Co.*, 138 Cal. 239 [71 Pac. 110]; *Jensen* v. *Goss*, 39 Cal. App. 427 [179 Pac. 225].)

 If one who is bound to perform a contract annexes an unwarranted condition to his offer of performance there is, in effect, a refusal to perform. (*Woody* v. *Bennett*, 88 Cal. 241 [26 Pac. 117].)

It may be said in conclusion that while we believe the complaint in this case was filled very largely with irrelevant, redundant, and immaterial matters and that much of the testimony adduced tended only to create a smoke screen likely to becloud the issues, nevertheless, on close analysis the issue is a very simple one.

As the plaintiff asked permission to amend his pleadings in the event that the court should hold that he had not stated facts sufficient to constitute a cause of action for rescission or for declaratory relief of his right to the return of the $1,080, and as we believe that the ends of justice will be subserved by having a determination of the real issue upon proper amended pleadings, it is ordered that the judgment of nonsuit be reversed with direction to the trial court to permit the parties to amend their pleadings if they be so advised.

Thompson (R. L.), J., and Finch, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 3, 1929.