[Civ. No. 24008. First Dist., Div. Three. July 18, 1968.]

ODETTE A. PICHIGNAU, Plaintiff and Appellant, v. CITY OF PARIS, Defendant and Respondent.

Raymond H. Levy for Plaintiff and Appellant.

Eisner & Titchell, Haskell Titchell, Melvyn I. Mark and Robert M. Della Valle for Defendant and Respondent.

SALSMAN, J.—Appellant Odette A. Pichignau brought this action against respondent City of Paris to recover damages for the alleged breach of an employment contract. Respondent's answer alleged that appellant had been discharged for good cause; that its repudiation of the contract had been withdrawn by an offer to rehire appellant, and that after her discharge, appellant had breached the contract by failure to accept this offer and return to work at her previous salary, with payment in full of all back salary.

The trial court granted respondent's motion to try first the issue whether respondent sufficiently retracted its repudiation of the contract. By stipulation it was assumed for the limited purpose of trial on this issue that respondent's repudiation of the contract was wrongful. At the close of the evidence the court found that respondent had offered to rehire appellant as a bridal consultant; that her duties as a bridal consultant were essentially the same as her original duties under the contract; that the offer of re-employment had been made before she had changed her position in reliance upon her discharge, and that her refusal of re-employment was unreasonable. Appellant requested special findings as to whether respondent's offer to rehire her was for the remainder of the contract term or merely for employment terminable at the will of the respondent, upon 15 days' notice. The request for special findings was denied. Upon the findings made, the court entered judgment for appellant only for the amount of salary she would have received between the time of her wrongful discharge and the date of respondent's offer of re-employment at the same salary stated in the contract.

The facts are not in dispute. Appellant was a saleslady at I. Magnin's, a leading fashion store in San Francisco. She met Madame de Tessan, who was a principal shareholder and chairman of the board of directors of City of Paris, a well-known department store in San Francisco. After negotiations between appellant, Madame de Tessan and executives of the City of Paris, a written employment contract was entered into by the parties. The contract provided for appellant's employment by the City of Paris for a period of five years at a salary of $1 000 per month, plus any discretionary bonus declared by the employer. Appellant's duties were to act as ". . . sales coordinator for the Better Dress and related departments" of the store. The related departments mentioned in the contract

included at least two other departments and also the bridal salon. The agreement makes clear that upon appellant's employment, the employer expected that, because of appellant's experience and personal following, and also because of certain specific representations appellant made, the gross sales of the Better Dress department of the City of Paris would enjoy a substantial increase without impairing profit margins.

After execution of the agreement, appellant was placed in charge of the various departments she was to supervise. 18 months later, however, respondent became dissatisfied with appellant's services and accordingly terminated the contract.

Appellant's attorney and the attorney for respondent exchanged a series of letters concerning appellant's dismissal. In respondent's first letter, an offer was made to re-employ appellant as a bridal consultant, to have charge of the bridal salon only, at a salary of $1,000 per month. The letter made plain, however, that appellant's tenure would be only for so long as she competently and efficiently performed her duties, and that ''. . . in the event she fails to perform her duties efficiently, competently and in accordance with the directions of her superiors, her employment will then be terminated upon fifteen days notice.'' Appellant rejected this offer.

Respondent's next letter declared that ''The position of the City of Paris . . . remains unchanged.'' The offer to re-employ appellant was renewed, but it was asserted that ''It is to be expressly understood that by re-employing Miss Pichignau in this new capacity City of Paris is not admitting reinstatement of the contract, nor is it withdrawing its determination that the contract has terminated.'' This proposal was also rejected by appellant, who in turn demanded full reinstatement of the employment contract in all of its terms or compensation for the full term of the agreement.

Respondent again wrote appellant's attorney, and in its letter noted certain provisions in the contract by which appellant was obliged to perform ''. . . such other duties as may from time to time be assigned to her by her superiors,'' and the further requirement that she ''. . . comply with and carry out all orders and instructions received from her superiors.'' Invoking these provisions of the contract, respondent directed appellant to return to work as a bridal consultant. Respondent carefully noted, however, that the directions contained in its letter were not to be construed as recognition by the City of Paris of the continued existence of the employment contract. Appellant again insisted upon restoration to her full rights under the contract.

Respondent's final letter, dated March 26th, reviewed the dispute in some detail, noting in particular its prior proposal that, if appellant accepted employment as a bridal consultant it would be without prejudice to her right to view her contract as a continuing one in the event of later dismissal, while on the other hand, respondent would be free to maintain that it had terminated the original contract for cause if, in the future, appellant's employment was again terminated. Respondent's final letter further declared: "So that neither you nor your client may be under any misapprehension as to the position of the City of Paris and so that you may fully appreciate the decision you are to make, I wish to advise you again that City of Paris is insisting that Miss Pichignau return to work as bridal consultant, and that her failure so to do will automatically terminate any rights she may have under her contract of employment. Unless Miss Pichignau returns by the opening of business on Monday morning, March 30th, 1964, City of Paris will consider that it has done everything within its power to require performance of the terms of the employment contract and that Miss Pichignau has deliberately and with advice of counsel, refused to comply with her obligations thereunder. The contract will then be terminated for all purposes." Appellant did not accept this proposal, and later filed the action from which this appeal is taken.

The critical issue tried below, and the one upon which the appeal turns, is whether the evidence supports the trial court's finding that respondent's repudiation of the contract was withdrawn before appellant changed her position after the wrongful termination of the agreement. We have concluded that the evidence does not support the finding and that the judgment must be reversed.

It was conceded for purposes of the trial of the special defense, that respondent had wrongfully breached the contract. The rule is clearly established that repudiation of a contract may be nullified by withdrawal of the repudiation before the injured party has changed his position in reliance thereon. (*Freedman* v. *Rector etc. St. Matthias Parish*, 37 Cal.2d 16, 19 [230 P.2d 629, 31 A.L.R.2d 1]; *Steelduct Co.* v. *Henger-Seltzer Co.*, 26 Cal.2d 634, 646 [160 P.2d 804]; *Alderson* v. *Houston*, 154 Cal. 1, 14 [96 P. 884]; Rest., Contracts, § 319; 1 Witkin, Summary Cal. Law (1960) Contracts, § 274, p. 303; 4 Corbin on Contracts, § 980; see also *Guerrieri* v. *Severini*, 51 Cal.2d 12, 19 [330 P.2d 635].) Where a

party to a contract has wrongfully repudiated it, and thereafter desires to retract his repudiation and restore the agreement to its former vigor, the action must be taken before the other party has changed his position and the retraction, to be effective, must be clear and unequivocal. The one who repudiates and later purports to retract the repudiation may not impose new conditions not in accord with the original contract. (*Alderson* v. *Houston, supra,* 154 Cal. 1, 14; *Freedman* v. *Rector etc. St. Matthias Parish, supra,* 37 Cal.2d 16, 19; *Steelduct Co.* v. *Henger-Seltzer Co., supra,* 26 Cal.2d 634, 646; see also *Loop Bldg. Co.* v. *DeCoo,* 97 Cal.App. 354, 364 [275 P. 881].)

 The letters in evidence speak for themselves. Respondent's letters clearly offer to re-employ appellant at her former salary of $1,000 per month for limited duties, but expressly do not offer to reinstate her contract or to employ her for the remainder of the contract term. Rather, respondent's offer preserved certain options—namely the right to discharge appellant on 15 days notice if not satisfied with her services, and the further right to insist that the written employment contract had been terminated when appellant was first discharged. In light of the authorities cited, this did not suffice to withdraw respondent's repudiation of the contract, and appellant was not bound to accept the tendered offer of reemployment. An offer to rehire subject to termination at will is not a sufficient withdrawal of a repudiation of an employment contract for a specific period of years.

We reverse the judgment, but in doing so point out that the only issue presented to us is the sufficiency of the evidence to support the finding that respondent properly withdrew its wrongful termination of the contract. Wrongful termination was assumed only for the purpose of trial of respondent's special defense. Upon retrial the propriety of appellant's discharge will be an issue to be resolved, as will the further issue of mitigation of damages in the event that respondent's termination of the contract is adjudged to have been wrongful.

The judgment is reversed.

Draper, P. J., and Brown (H. C.), J., concurred.

A petition for a rehearing was denied August 16, 1968, and the opinion was modified to read as printed above. Respondent's petition for a hearing by the Supreme Court was denied September 11, 1968.